# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNY FUENTES,**<br>501 Sioux Street<br>Bethlehem, PA 18015 | CIVIL ACTION<br><br>NO.   5:19cv 3889 |
| **Plaintiff,** | |
| V. | |
| **APi2M,**<br>600 Rue Alain Colas<br>Z.I. Portuaire – 29200 Brest, France | |
| **Defendant,** | |

## CIVIL ACTION COMPLAINT - PRODUCT LIABILITY

1.      Plaintiff, Kenny Fuentes, (hereinafter "Mr. Fuentes") is a lawful resident in the Commonwealth of Pennsylvania, County of Northampton, residing at 501 Sioux Street, Bethlehem, PA 18015.

2.      Defendant, APi2M (hereinafter "APi2M"), is a business organization which at all relevant times, regularly conducted business in the Commonwealth of Pennsylvania, and engaged in the design, engineering, construction, assembly, manufacturing, supply, distribution, training, and service of crepe-cooking machinery distributed to and installed in the Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania.

3.      APi2M is a foreign business organization located in Brest, France, and has sufficient minimum contacts with Pennsylvania through its manufacture, sale, distribution, installation, shipment and training of crepe-cooking machinery including the Subject Machine, within the Eastern District of Pennsylvania.

22003340v 1

**4.**     Mr. Fuentes, was employed by Norac USA d/b/a Bakerly, located at 4300 Braden Boulevard East, Easton, Pennsylvania, in the Eastern District of Pennsylvania. (hereinafter the "Employer").

**5.**     APi2M's crepe-cooking machine, serial number SR003-TSTA8234, (hereinafter the "Subject Machine") reached APi2M's intended consumer, the Employer, without substantial change in the condition, in which it was manufactured, constructed, assembled, designed, and installed.

**6.**     Upon information and belief, APi2M employees physically visited Easton, Pennsylvania, and installed the Subject Machine and trained Mr. Fuentes and other employees of the Employer to operate, maintain and clean the Subject Machine.

**7.**     At all relevant times, APi2M, acted with, through and by their agents, servants, workers and employees, who at all times relevant hereto acted within the scope of their agency, servantship and employment both in the Commonwealth of Pennsylvania and abroad.

**8.**     The United States District Court for the Eastern District of Pennsylvania has jurisdiction over this matter by virtue of the Diversity of Citizenship provision of 28 U.S.C. § 1332, and the amount in controversy is in excess of $75,000.00.

**9.**     At all relevant times hereto, Mr. Fuentes was acting in the course and scope of his employment with the Employer having been trained to operate, maintain and clean the Subject Machine by APi2M.

**10.**     As Mr. Fuentes was cleaning the Subject Machine, suddenly, unexpectedly, and without warning, his right hand became caught between two rotating drums, causing serious and permanent injuries as more fully set forth hereinafter.

-2-

**11.** Mr. Fuentes was unaware of design defects in the product, making it it unsafe for its intended use, and Mr. Fuentes was not in a position to recognize or control the unreasonably dangerous defects in the product.

## COUNT I – STRICT PRODUCT LIABILITY

**12.** Plaintiff hereby fully incorporates the foregoing paragraphs here as if set forth at length.

**13.** Defendant APi2M was a seller, designer, manufacturer, engineer, marketer, assembler installer, and training provider for the Subject Machine, which was in a defective and unreasonably dangerous condition that caused serious and permanent physical harm to a foreseeable intended user, Mr. Fuentes.

**14.** The Subject Machine reached its intended ultimate user without substantial change in the condition in which defendant APi2M designed, manufactured, assembled, sold, distributed, and installed the Subject Machine.

**15.** Specifically, the Subject Machine was defective because the dangers of the Subject Machine were unknowable and unacceptable to the average or ordinary consumer, including Mr. Fuentes.

**16.** Moreover, the Subject Machine was defective because a reasonable person would conclude that the probability and seriousness of harm caused by the product outweigh the burden or costs of taking precautions, which, had they been taken, would have prevented harm to users of the machine, including Mr. Fuentes.

**17.** APi2M, by and through its agents, servants, workmen, contractors and/or employees acting within the course and scope of their employment, breached their duties to Mr. Fuentes and manufactured, designed, sold, supplied, assembled, and installed a defective product by:

a.   Manufacturing, designing, selling, supplying, advertising, marketing, installing, and/or distributing the Subject Machine in a defective condition;

b.   Manufacturing, designing, selling, supplying, advertising, marketing, installing, and/or distributing the Subject Machine which was unreasonably dangerous to the intended end-users, including Mr. Fuentes;

c.   Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Subject Machine was not reasonably fit, suitable or safe for its intended and represented purposes;

d.   Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Subject Machine which lacked inexpensive and necessary safety features to protect intended end-users, including Mr. Fuentes;

e.   Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Subject Machine which lacked necessary, proper and/or adequate warnings;

f.   Manufacturing, designing, selling, supplying advertising, marketing, installing and/or distributing the Subject Machine without simple and cost-effective safety devices;

g.   Manufacturing, designing, selling, supplying advertising, marketing and/or distributing the Subject Machine which when used properly would cause serious injury to end-users, including Mr. Fuentes;

h.   Manufacturing, designing, selling, supplying, advertising, marketing, installing, and/or distributing the Subject Machine which allowed direct access to hazardous pinch, crush and other hazardous points formed within the point of operation;

-4-

i.   Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Subject Machine which had excessive openings which unnecessarily exposed intended end-usurers to points of operation hazards;

j.   Manufacturing, designing, selling, supplying, advertising, marketing, installing, and/or distributing the Subject Machine which failed to incorporate adequate guards or safeguards to effectively protect intended end-users, such as Mr. Fuentes, from accessible pinch, crush, and other hazardous points;

k.   Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Subject Machine which failed to incorporate adequate point of operation guards or safety devices to prevent workers from reaching hazardous rotating machine components;

l.   Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Subject Machine which lacked adequate warnings, and accessible point of operating hazards;

m.   Manufacturing, designing, selling, supplying, advertising, marketing, installing and/or distributing the Subject Machine which lacked adequate and accessible emergency stop devices;

n.   Defendant's actions were a violation of the applicable sections of the Restatement (second) of Torts, *viz.*, §402 (a) and §323.

18.   APi2M also had a duty to warn foreseeable end-users, such as Mr. Fuentes, about the dangerous and defective conditions of the Subject Machine sold, inspected, assembled, installed, distributed, designed, and/or supplied to Mr. Fuentes' employer, namely that the Subject Machine lacked adequate safety features and was designed in an unsafe way.

-5-

**19.** APi2M violated its duty by failing to warn Mr. Fuentes of the unsafe condition of the Subject Machine.

**20.** The Subject Machine's defective design and condition as well as defendant APi2M's failure to warn, were the proximate cause of the life-altering injuries and damages that Mr. Fuentes sustained.

**21.** Specifically, Mr. Fuentes suffered severe burns to his right hand, requiring amputation of multiple fingers, and other injuries, including nerve damage, all or some of which Mr. Fuentes advised are or may be permanent.

**WHEREFORE,** Plaintiff demands of the defendant APi2M, a sum in excess of Seventy-Five Thousand ($75,000.00) dollars.

## COUNT II – NEGLIGENCE

**22.** Plaintiff hereby fully incorporates the foregoing paragraphs here as if set forth at length.

**23.** Prior to March 28, 2018, Defendant APi2M knew or should have known the Subject Machine was unsafe, defective, and unreasonably dangerous to Mr. Fuentes because the Subject Machine lacked required and adequate safety features, including, but not limited to, adequate guarding surrounding rotating parts, interlocks, accessible emergency stop components, foreign object and light sensors, and a counter-rotation feature.

**24.** Defendant APi2M negligently and carelessly designed, manufactured, sold, distributed, assembled, installed, and trained its users to operate the defective Subject Machine in Easton, PA, and Mr.Fuentes' injuries and damages were caused by such misconduct in the following respects:

    **a.** Allowing direct access to hazardous pinch and crush points formed within the point of operation;

-6-

**b.**   Failing to provide adequate guarding to prevent direct access to the hazardous pinch and crush points formed within the point of operation of the Subject Machine;

**c.**   Creating excessive openings that unnecessarily expose workers to points of operation hazards;

**d.**   Failing to incorporate adequate guards or safeguards to effectively protect workers from accessible pinch and crunch points while cleaning the Subject Machine;

**e.**   Failing to incorporate adequate point of operation guards or safety devices that prevent workers from reaching hazardous rotating machine components;

**f.**   Failing to provide adequate warnings about accessible point of operation hazards;

**g.**   Failing to properly train end-users how to safely clean and operate the Subject Machine;

**h.**   Failing to advise end-users about the potential for serious injuries due to accessible, unguarded pinch and crush points;

**i.**   Failing to properly advise end-users how to safely access the point of operation for proper cleaning of the Subject Machine;

**j.**   Failing to provide interlocks or appropriately functioning sensor guarding to prevent the Subject Machine's rotating drums from rotating when a worker's hands are near the pinch points while cleaning the Subject Machine;

**k.**   Failing to recognize foreseeable hazards associated with the absence of guards, interlocks, emergency stops, foreign object sensors on the Subject Machine;

**l.**   Failing to fit-out the Subject Machine with adequate guards, interlocks, emergency stops and foreign object sensors, and counter-rotational ability;

**m.**   Failing to perform adequate safety inspections of the Subject Machine;

**n.**     Failing to develop, publish, and enforce procedures for the safe operation and cleaning of the Subject Machine;

**o.**     Failing to provide appropriate and adequate warnings, instructions, and labels warning of the dangers associated with operation and cleaning of the Subject Machine;

**p.**     Failing to ensure that any warnings or labels on the Subject Machine were clearly displayed and visible at all times;

**q.**     Failing to ensure that the Subject Machine was equipped with an accessible emergency shutoff system;

**r.**     Failing to ensure that the Subject Machine was equipped with an emergency shutoff in a necessary and accessible location relative to the individual operating and cleaning/servicing the Subject Machine;

**s.**     Failing to design and equip the Subject Machine with reliable and defect free foreign object sensors to detect the presence of a foreign object in a moving part and shut the Subject Machine down;

**t.**     Failing to equip the Subject Machine with the ability to counter-rotate the Subject Machine's crepe-cooking drums in order to free a foreseeably lodged foreign object or body part within the machine.

**u.**     Failing to ensure that proper procedures were used when the Subject Machine was cleaned;

**v.**     Failing to install and/or ensure that integral, non-removable guards were on the Subject Machine;

-8-

**w.**     Defendant's actions were a violation of the applicable sections of the Restatement §323; Negligence as a matter of law.

**25.**     All of the above which, a reasonable person would have known or in the exercise of reasonable care should have known caused an unreasonable risk of harm to the public and more particularly to Mr. Fuentes.

**26.**     Prior to March 28, 2018, APi2M knew or should have known that the failure to correct the dangerous and hazardous conditions within the Subject Machine Mr. Fuentes was cleaning would cause injuries.

**27.**     Prior to March 28, 2018, APi2M failed to correct the dangerous and hazardous conditions of the Subject Machine that would have prevented Mr. Fuentes' injuries.

**28.**     Prior to March 28, 2018, APi2M negligently and/or carelessly exposed Mr. Fuentes to unreasonable hazards and unseen dangerous conditions, which caused him to suffer serious, permanent, and life-altering injuries as described herein.

**29.**     Solely because of APi2M's acts and omissions, Mr. Fuentes suffered severe, disfiguring and permanent injuries to his body and extremities, including his bones, muscles, ligaments, tendons, nerves, nerve endings, soft tissue, etc.

**30.**     Specifically, Mr. Fuentes suffered severe burns to his right hand, requiring amputation of multiple fingers, and other injuries, including nerve damage, all or some of which Mr. Fuentes advised are or may be permanent.

**31.**     Because of APi2M's acts and omissions, Mr. Fuentes has incurred continuing pain and suffering, both physical and psychological, as well as related disabilities, and will continue to suffer permanently or for an indefinite time into the future.

-9-

**32.** Because of APi2M's acts and omissions, Mr. Fuentes suffered loss of his usual and daily habits, enjoyments, avocations and occupations, and will continue to so suffer permanently or for an indefinite time into the future.

**33.** Because of the APi2M's acts and omissions, Mr. Fuentes suffered severe loss of earnings and a diminution in earning capacity, and will continue to so suffer permanently or for an indefinite time into the future.

**34.** In an effort to cure himself of the injuries inflicted upon him by APi2M's acts and omissions, Mr. Fuentes, was obliged to spend various sums of money on medication, apparatus, and medical treatment, and will continue to be so obliged permanently or for an indefinite time into the future.

**WHEREFORE,** Plaintiff demands of the defendant, a sum in excess of $75,000.00.

WHITE AND WILLIAMS LLP

BY:

Robert M. Caplan, Esquire
Brett N. Tishler, Esquire
Brian T. Gelnett, Esquire
1650 Market Street, Suite 1800
Philadelphia, PA 19103
T: 215-864-7012/6879/7483
caplanr@whiteandwilliams.com
tishlerb@whiteandwilliams.com
gelnettb@whiteandwilliams.com

KNAFO LAW OFFICES, LLC

BY:    /s/ Kristin M. Harvey
Kristin M. Harvey, Esquire
2740 Nazareth Road
Easton, PA 18045
T: 610-253-5555
kharvey@knafo.com
*Attorneys for Plaintiff, Kenny Fuentes*

-10-



The Spanish Group LLC
1 Park Plaza, Suite 600
Irvine, CA 92614
United States of America
https://www.thespanishgroup.org

## Certified Translation

Fourni le **7 août, 2019**

Le soussigné, Valentina Castro ( 𝒱ₒₗₑₜₒ 𝒞ₐₛₜᵣₒ ) , par les présentes atteste que ce document a été traduit de l'espagnol vers le français ou de l'anglais vers l'espagnol et il en est une traduction correcte et précise. Par ailleurs, je certifie que je suis compétent dans la traduction en espagnol et en français, et que je suis en mesure de produire et de certifier la validité de cette traduction.

Le soussigné, Salvador G. Ordorica, en qualité d'Agent de Contrôle de Qualité de The Spanish Group LLC, atteste que la personne dont le nom a été mentionné est un traducteur compétent ou traductrice compétente de l'espagnol vers le français et du français vers l'espagnol. Par conséquent, comme représentant autorisé de The Spanish Group, je vérifie d'avoir corrigé ces documents et je certifie que le document suivant est une traduction précise et fidèle de l'original.

Respectueusement,

**Salvador G. Ordorica**
**The Spanish Group LLC**
**(ATA #267262)**



*The Spanish Group LLC confirme les référencés et / ou la compétence de ses traducteurs et de ce certificat, ainsi que toute page jointe sert à affirmer que le document ou les documents énumérés ci-dessus ont été traduits le plus fidèlement possible en fonction de leurs originaux. The Spanish Group LLC n'atteste pas que les documents originaux sont corrects, légitimes ou qu'ils n'ont pas été falsifiés. En acceptant les termes et conditions nécessaires pour contracter les services de The Spanish Group LLC et / ou en soumettant ce certificat, le client abandonne, renonce s'abstient et décline le droit de présenter toute réclamation ou procès contre The Spanish Group LLC. En conséquence, The Spanish Group LLC ne peut pas être tenu responsable de toute perte ou dommage subi par le client ou toute autre partie, que ce soit pendant, après ou à la suite de l'utilisation des services de The Spanish Group LLC.*

# ACKNOWLEDGMENT

> A notary public or other officer completing this
> certificate verifies only the identity of the individual
> who signed the document to which this certificate is
> attached, and not the truthfulness, accuracy, or
> validity of that document.

State of California
County of ____**ORANGE**____.


On , ____**August 7th 2019**____       before me,**MODESTO GONZALEZ BEJARANO NOTARY PUBLIC.**
                                              (insert name and title of the officer)

personally appeared _____**SALVADOR G. ORDORICA**_____,
who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed
to the within instrument and acknowledged to me that he executed the same in his authorized
capacity, and that by his signature on the instrument the person, or the entity upon behalf of which
the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.


WITNESS my hand and official seal.

MODESTO GONZALEZ BEJARANO
COMM. # 2218083
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My comm. expires Oct. 14, 2021


Signature _____       **(Notary Public Seal)**

## LA COUR DE DISTRICT DES ÉTATS-UNIS
## POUR LE DISTRICT ORIENTAL DE LA PENNSYLVANIE

| | |
|---|---|
| **KENNY FUENTES,**<br>501 Sioux Street<br>Bethlehem, PA 18015<br><br>                 **Demandeur,**<br>Contre<br><br>**APi2M,**<br>600 Rue Alain Colas<br>Z.I. Portuaire – 29200 Brest, France<br><br>               **Défenderesse,** | ACTION CIVILE<br>NO. |

## PLAINTE AVEC CONSTITUTION DE PARTIE CIVILE - RESPONSABILITÉ DU PRODUIT

**1.** Le demandeur, Kenny Fuentes (ci-après dénommé « M. Fuentes ») est un résident légitime du Commonwealth de Pennsylvanie, comté de Northampton, résidant au 501 Sioux Street, Bethlehem, Pennsylvanie 18015.

**2.** La Défenderesse, APi2M (ci-après "APi2M"), est une organisation professionnelle qui, à toutes les époques pertinentes, a régulièrement mené des activités dans le Commonwealth de Pennsylvanie et à la conception, l'ingénierie, la construction, l'assemblage, la fabrication, la fourniture, la distribution, la formation et l'entretien des machines de cuisson de crêpes distribuées et installées dans le Commonwealth de la Pennsylvanie, dans le district oriental de la Pennsylvanie.

**3.** APi2M est une organisation commerciale étrangère basée à Brest, en France, et entretient des contacts minimaux avec la Pennsylvanie dans le cadre de sa fabrication, de sa vente, de sa distribution, de son installation, de son expédition et de sa formation de machines de cuisson de crêpes, y compris la machine en question, dans le district oriental de Pennsylvanie.



**4.** M. Fuentes était employé par Norac USA d/b/a Bakerly, situé au 4300 Braden Boulevard East, à Easton, en Pennsylvanie, dans le district oriental de la Pennsylvanie. (Ci-après « l'employeur »).

**5.** La machine à cuire les crêpes d'APi2M, numéro de série SR003-TSTA8234 (ci-après dénommée la « machine en question »), est parvenue au consommateur visé, l'employeur, sans modification substantielle de l'état dans lequel elle a été fabriquée, construite, assemblée, conçue et installée.

**6.** Sur la base d'informations et d'opinions, les employés d'APi2M se sont rendus physiquement à Easton, en Pennsylvanie, pour installer la machine en question et former M. Fuentes et d'autres employés de l'employeur à l'exploitation, la maintenance et le nettoyage de la machine-objet.

**7.** APi2M, agissait avec et par leurs agents, préposés, travailleurs et employés, qui à toute fois pertinente ici a agi dans la portée de leur agence, servitude et emploi à la fois dans le Commonwealth de Pennsylvanie et à l'étranger.

**8.** La Cour de district des États-Unis pour le district oriental de la Pennsylvanie est compétente en la matière en vertu de la disposition relative à la diversité de la citoyenneté de 28 USC § 1332, et le montant en litige dépassant 75 000,00 $.

**9.** Pendant toute la période pertinente des présentes, M. Fuentes agissait dans le cadre de son emploi auprès de l'employeur, après avoir été formé à l'utilisation, à l'entretien et au nettoyage de la machine en question en : APi2M.

**10.** Alors que M. Fuentes nettoyait la machine en question, soudainement, de manière inattendue et sans avertissement, sa main droite a été coincée entre deux tambours tournants, provoquant des blessures sérieuses et permanentes comme décrit plus en détail ci-après.



**11.** M. Fuentes n'était pas au courant de défauts de conception du produit, le rendant par conséquent dangereux pour l'usage auquel il était destiné, et M. Fuentes n'était pas en mesure de reconnaître ou de contrôler les défauts excessivement dangereux du produit.

## ACCUSATION CRIMINELLE I - RESPONSABILITÉ STRICTE DU PRODUIT

**12.** Par la présente, le demandeur incorpore pleinement les paragraphes précédents comme s'il était exposé à longueur.

**13.** La défenderesse, APi2M, était un vendeur, un concepteur, un fabricant, un ingénieur, un agent de commercialisation, un installateur assembleur, et entraînement fournisseur pour la machine en question, qui était déraisonnablement dans une condition défectueuse et dangereuse qui a causé un préjudice physique grave et permanent à l'utilisateur final prévu, M. Fuentes.

**14.** La machine en question a atteint l'utilisateur final prévu sans modification substantielle de la situation dans laquelle la Défenderesse APi2M avait conçu, fabriqué, assemblé, vendu, distribué et installé la machine en question.

**15.** En particulier, la machine en question était défectueuse car il n'était pas possible de prévoir des dangers, pour le consommateur moyen ou ordinaire, y compris M. Fuentes, que la machine en question était dans un état inconnaissable et inacceptable.

**16.** En outre, la machine en question était défectueuse car une personne raisonnable conclurait que la probabilité et la gravité des dommages causés par le produit l'emportent sur la charge ou les coûts liés à la prise de précautions qui, si elles avaient été prises, auraient évité un dommage pour les utilisateurs de la machine, y compris M. Fuentes.

**17.** APi2M, par et à travers ses agents, ses serviteurs, ses ouvriers, ses travailleurs et/ou ses employés agissant dans le cadre de leur emploi, ont manqué à leurs obligations envers M. Fuentes et ont fabriqué, conçu, vendu, fourni, assemblé et installé un produit défectueux à raison de :



a. La fabrication, la conception, la vente, la fourniture, la publicité, la commercialisation, l'installation et/ou la distribution de la machine en question dans un état défectueux ;

b. La fabrication, la conception, la vente, la fourniture, la publicité, la commercialisation, l'installation et/ou la distribution de la machine en question qui présentait un danger déraisonnable pour les utilisateurs finaux, y compris M. Fuentes ;

c. La fabrication, la conception, la vente, la fourniture, la publicité, la commercialisation, l'installation et/ou la distribution de la machine en question n'était pas raisonnablement adaptée, appropriée ou sans danger pour sa machine prévue et le but représenté. ;

d. La fabrication, la conception, la vente, la fourniture, la publicité, la commercialisation, l'installation et/ou la distribution de la machine en question dépourvue des fonctionnalités de sécurité bon marché et nécessaires pour protéger les utilisateurs finaux, y compris M. Fuentes ;

e. La fabrication, la conception, la vente, la fourniture, la publicité, la commercialisation, l'installation et/ou la distribution de la machine en question dépourvue des avertissements nécessaires, appropriés et/ou adéquats ;

f. La fabrication, la conception, la vente, la fourniture, la publicité, la commercialisation, l'installation et/ou la distribution de la machine en question sans dispositifs de sécurité simples et rentables ;

g. La fabrication, la conception, la vente, la fourniture, la publicité, la commercialisation, l'installation et/ou la distribution de la machine en question qui, si elles étaient utilisées correctement, causeraient un préjudice grave aux utilisateurs finaux, y compris à M. Fuentes ;

h. La fabrication, la conception, la vente, la fourniture, la publicité, la commercialisation, l'installation et/ou la distribution de la machine en question permettant d'accéder directement aux points dangereux de pincement, d'écrasement et d'autres points dangereux formés dans le point d'opération ;

i. La fabrication, la conception, la vente, la fourniture, la publicité, la commercialisation, l'installation et/ou la distribution de la machine en question avec des ouvertures excessives exposant inutilement les utilisateurs finaux au point de dangers de fonctionnement ;

j. La fabrication, la conception, la vente, la fourniture, la publicité, la commercialisation, l'installation et/ou la distribution de la machine en question qui n'a pas réussi à incorporer des gardes ou des sauvegardes pour protéger efficacement les utilisateurs finaux prévus, tels que M. Fuentes, contre les pincements, écrasements et autres risques dangereux accessibles ;

k. La fabrication, la conception, la vente, la fourniture, la publicité, la commercialisation, l'installation et/ou la distribution de la machine en question qui n'a pas incorporé de protecteurs de point de fonctionnement ou de dispositifs de sécurité adéquats pour empêcher les travailleurs d'atteindre des composants dangereux de la machine tournante ;

l. La fabrication, la conception, la vente, la fourniture, la publicité, la commercialisation, l'installation et/ou la distribution de la machine en question qui manquait d'avertissements adéquats et de points de danger opérationnels accessibles ;

m. La fabrication, la conception, la vente, la fourniture, la publicité, la commercialisation, l'installation et/ou la distribution de la machine en question qui manquait de dispositifs d'arrêt d'urgence adéquat et accessible ;

n. Les actions de la défenderesse constituaient une violation des articles applicables du Restatement (second) of Torts, à *savoir les* paragraphes 402 (a) et §323.

**18.** APi2M avait également le devoir d'avertir les utilisateurs finaux prévus, tels que M. Fuentes, des conditions dangereuses et défectueuses de la machine en question vendue, inspectée, assemblée, installée, distribuée, etc. conçu, et/ou fournie à l'employeur du M. Fuentes, à savoir cette machine en question ne disposait pas des dispositifs de sécurité adéquats et a été conçue dans un environnement peu sûr.



**19** APi2M a manqué à son devoir en omettant d'avertir M. Fuentes de l'état dangereux de la machine en question

**20** La conception et l'état défectueux de machine en question, ainsi que l'échec du Défenderesse APi2M à prévenir, étaient la cause du changement de vie à raison des blessures et des dégâts que M. Fuentes subi.

**21** Plus précisément, M. Fuentes a subi de graves brûlures à la main droite, nécessitant l'amputation de plusieurs doigts, ainsi que d'autres lésions, y compris des lésions nerveuses permanentes.

**PAR CONSÉQUENT,** le demandeur réclame à la défenderesse APi2M une somme supérieure à soixante-quinze mille dollars (75 000 $).

## ACCUSATION CRIMINELLE II - NÉGLIGENCE

**22.** Par la présente, le demandeur incorpore pleinement les paragraphes précédents comme s'ils étaient exposés à longueur.

**23.** Avant le 28 mars 2018, la défenderesse APi2M savait ou aurait dû savoir que la machine en question était risquée, défectueuse et excessivement dangereuse pour M. Fuentes parce que la machine en question manquait des fonctions de sécurité requises et adéquates, y compris, mais sans s'y limiter, des protections adéquates autour des pièces tournantes, des dispositifs de verrouillage, des composants d'arrêt d'urgence accessibles, des capteurs de corps étrangers et de lumière et un fonctionnalité.

**24.** Défenderesse APi2M a conçu, fabriqué, vendu, distribué, assemblé, installé et formé de manière négligente et imprudente ses utilisateurs afin qu'ils puissent utiliser la machine défectueuse en question à Easton, en Pennsylvanie, et que les blessures et les dommages subis par M. Fuentes ont été causés :

     **a.** En permettant un accès direct aux points de pincement et d'écrasement dangereux formés dans le point d'opération ;



**b.** Par omission de fournir une protection adéquate pour empêcher un accès direct aux points de pincement et d'écrasement dangereux formés dans le point d'opération de la machine en question ;

**c.** En créant des ouvertures excessives qui exposent inutilement les travailleurs aux dangers des points d'opération ;

**d.** Pour avoir omis d'intégrer des protections ou des gardes adéquates pour protéger efficacement les travailleurs des points de pincement et de compression accessibles lors du nettoyage de la machine en question ;

**e.** Pour ne pas incorporer de protecteurs de point de fonctionnement ou de dispositifs de sécurité adéquats empêchant les travailleurs d'atteindre les composants dangereux de la machine tournante ;

**f.** Pour avoir omis de fournir des avertissements adéquats sur les dangers liés aux points d'accès ;

**g.** De ne pas entraîner correctement les utilisateurs finaux à nettoyer et à utiliser la machine en question ;

**h.** Par omission d'avertir les utilisateurs finaux du risque de blessures graves dû aux points de pincement et d'écrasement accessibles et non protégés ;

**i.** De ne pas avoir conseillé aux utilisateurs finaux comment accéder en toute sécurité au point de fonctionnement pour un nettoyage correct de la machine en question ;

**j.** De ne pas prévoir de dispositifs de verrouillage ou de protection de capteur fonctionnant correctement pour empêcher les tambours rotatifs de la machine sujet de tourner lorsque les mains du travailleur se trouvent à proximité des points de pincement lors du nettoyage de la machine en question;

**k.** Pour avoir omis de reconnaître les dangers prévisibles associés à l'absence de protecteurs, de verrouillages, d'arrêts d'urgence et de capteurs de corps étrangers sur la machine en question ;

**l.** D'omettre d'équiper la machine en question avec des protections, des verrouillages, des arrêts d'urgence et des capteurs de corps étrangers adéquats, ainsi que des capacités de contre-rotation ;

**m.** D'avoir omis d'effectuer des inspections de sécurité adéquates sur la machine en question ;

**n.** D'avoir omis d'élaborer, de publier et d'appliquer des procédures pour une utilisation et un nettoyage en toute sécurité de la machine en question ;

**o.** D'avoir omis de fournir des avertissements, instructions et étiquettes appropriés et adéquats avertissant des dangers liés au fonctionnement et au nettoyage de la machine en question ;

**p.** De ne pas avoir veillé à ce que les avertissements ou les étiquettes sur la machine en question soient clairement affichés et visibles à tout moment ;

**q.** Pour avoir omis de s'assurer que la machine en question était équipée d'un système d'arrêt d'urgence accessible ;

**r.** Pour ne pas avoir veillé à ce que la machine en question soit équipée d'un arrêt d'urgence à un emplacement nécessaire et accessible par rapport à l'utilisateur, au nettoyage/à l'entretien de la machine en question ;

**s.** D'avoir omis de concevoir et d'équiper la machine en question de capteurs de corps étrangers fiables et sans défaut pour détecter la présence d'un corps étranger dans une pièce en mouvement et arrêter la machine en question ;

**t.** De ne pas doter la machine en question de la possibilité de faire tourner en sens inverse les tambours de crêpe de la machine en question afin de libérer un objet ou une partie du corps étranger logé de manière prévisible dans la machine.

**u.** Défaut de s'assurer que les procédures appropriées ont été utilisées lors du nettoyage de la machine en question ;

**v.** Défaut d'installer et/ou de s'assurer que des protections intégrales non amovibles étaient sur la machine en question ;



**w.** Les actions de la défenderesse étaient une violation des articles applicables du Restatement §323; La négligence comme matière de Loi.

**25.** Tous les éléments susmentionnés qu'une personne raisonnable aurait connus ou aurait dû exercer dans le cadre de mesures de prudence raisonnables auraient dû entraîner un risque déraisonnable de préjudice pour le public, et plus particulièrement pour M. Fuentes.

**26.** Avant le 28 mars 2018, APi2M savait ou aurait dû savoir que le fait de ne pas corriger les conditions dangereuses qui existaient à l'intérieur de la machine en question que M. Fuentes nettoyait causerait des blessures.

**27.** Avant le 28 mars 2018, APi2M n'avait pas corrigé les conditions dangereuses de la machine en question qui auraient pu éviter les blessures de M. Fuentes.

**28.** Avant le 28 mars 2018, APi2M avait exposé par négligence et/ou par négligence M. Fuentes à des risques déraisonnables et à des conditions invisibles et dangereuses, ce qui lui avait valu de subir des blessures graves, permanentes et pouvant changer sa vie, comme décrit dans la présente.

**29.** Seulement à cause des actes et des omissions d'APi2M, M. Fuentes a subi des blessures graves. défigurantes et permanentes au corps et aux extrémités, notamment des os, des muscles, des ligaments, des tendons, des nerfs, des terminaisons nerveuses, des tissus mous, etc.

**30.** Plus précisément, M. Fuentes a subi de graves brûlures à la main droite, nécessitant l'amputation de plusieurs doigts, ainsi que d'autres blessures, y compris des lésions nerveuses, dont M. Fuentes ou tous ont déclaré qu'ils étaient ou pourraient être permanents.

**31.** En raison des actes et des omissions d'APi2M, M. Fuentes a continué à souffrir de douleurs et de souffrances tant physiques que psychologiques, ainsi que d'handicap connexes, et continuera de souffrir de façon permanente ou pour une durée indéterminée.



**32.** En raison des actes et des omissions d'APi2M, M. Fuentes a perdu ses habitudes, ses joies, ses loisirs et ses occupations habituelles et quotidiennes et continuera à en souffrir ainsi de façon permanente ou pour une durée indéterminée.

**33.** En raison des actes et des omissions de l'APi2M, M. Fuentes a subi de graves pertes de gains et une diminution de sa capacité de gain, et continuera de le faire de façon permanente ou pour une durée indéterminée.

**34.** Dans le but de se soigner des blessures causées par les actes et omissions de APi2M, M. Fuentes a été obligé de dépenser diverses sommes d'argent en médicaments, appareils et traitements médicaux, et continuera d'y être obligé de manière permanente ou pour un temps indéfini dans le futur.

**PAR CONSÉQUENT,** le demandeur réclame à la défenderesse une somme supérieure à 75 000,00 $.

WHITE AND WILLIAMS LLP

PAR: _____

> Robert M. Caplan, Maitre
> Brett N. Tishler, Maitre
> Brian T. Gelnett, Maitre
> 1650 Market Street, Suite 1800
> Philadelphia, PA 19103
> T: 215-864-7012/6879/7483
> caplanr@whiteandwilliams.com
> tishlerb@whiteandwilliams.com
> gelnettb@whiteandwilliams.com

KNAFO LAW OFFICES, LLC



PAR: _____

> Kristin M. Harvey, Maitre
> 2740 Nazareth Road
> Easton, PA 18045
> T: 610-253-5555
> kharvey@knafo.com
> *Procureurs du demandeur, Kenny Fuentes*

JS 44 (Rev 02/19)

# CIVIL COVER SHEET

5:19cv3889

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS

Kenny Fuentes,
501 Sioux Street
Bethlehem, PA 18015

**(b)** County of Residence of First Listed Plaintiff    Northampton County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert Caplan, Esq , Brian Gelnett, Esq
White and Williams, 1650 Market Street, Ste 1800, Philadelphia PA
215-864-7012, 215-864-7483

## DEFENDANTS
API2M
600 Rue Alain Colas
Σ 1 Portuaire - 29200 Brest, France

County of Residence of First Listed Defendant    Brest, France
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U S Government
Plaintiff

☐ 3   Federal Question
*(U S Government Not a Party)*

☐ 2   U S Government
Defendant

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane  ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product  Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability  ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &  Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander  Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers  Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability  ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine  Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product  Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | Product Liability  ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal  Property Damage | Relations | ☐ 864 SSID Title XVI | Exchange |
| ☐ 196 Franchise | Injury  ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury -  Product Liability | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | Medical Malpractice | Leave Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U S Plaintiff | Act |
| ☐ 220 Foreclosure | ☐ 441 Voting  ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment  ☐ 510 Motions to Vacate | | ☐ 871 IRS - Third Party | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/  Sentence | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations  ☐ 530 General | | | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities -  ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of |
| | Employment  **Other:** | ☐ 462 Naturalization Application | | State Statutes |
| | ☐ 446 Amer w/Disabilities -  ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other  ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education  ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -  Conditions of  Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U S  Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
28 U S C  § 1332

Brief description of cause
Defendant designed, manufactured, and installed a defective product causing Plaintiff's injuries

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F R Cv P

**DEMAND $**
>$75,000 00

CHECK YES only if demanded in complaint
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

*(See instructions)*

JUDGE _____    DOCKET NUMBER _____

DATE
8/15/19

SIGNATURE OF ATTORNEY OF RECORD

AUG 23 2019

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

*EGS*

*5:19-CV-3889*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **501 Sioux Street Bethlehem, PA 18015**

Address of Defendant: **600 Rue Alain Colas, ZI Portuaire 29200 Brest. France**

Place of Accident, Incident or Transaction **Easton, Pennsylvania**

---

**RELATED CASE, IF ANY:**

Case Number _____   Judge _____   Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE 8/22/19                            Must sign here                            5412-6
                        *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I D  # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

- ☐ 1   Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2   FELA
- ☐ 3   Jones Act-Personal Injury
- ☐ 4   Antitrust
- ☐ 5   Patent
- ☐ 6   Labor-Management Relations
- ☐ 7   Civil Rights
- ☐ 8.  Habeas Corpus
- ☐ 9   Securities Act(s) Cases
- ☐ 10  Social Security Review Cases
- ☐ 11  All other Federal Question Cases
     *(Please specify)* _____

**B.   Diversity Jurisdiction Cases:**

- ☐ 1   Insurance Contract and Other Contracts
- ☐ 2   Airplane Personal Injury
- ☐ 3   Assault, Defamation
- ☐ 4   Marine Personal Injury
- ☐ 5   Motor Vehicle Personal Injury
- ☒ 6   Other Personal Injury *(Please specify)* **Product Liability**
- ☐ 7   Products Liability
- ☐ 8.  Products Liability – Asbestos
- ☒ 9.  All other Diversity Cases
     *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, **Robert  Caplan** , counsel of record *or* pro se plaintiff, do hereby certify

☒ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☒ Relief other than monetary damages is sought.

**AUG 23 2019**

DATE 8/22/19                      Sign here if applicable                      5412-6
                        *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I D  # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

*Civ 609 (5/2018)*

*EGS*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Kenny Fuentes

v.

API2M

CIVIL ACTION

NO. 5:19cv 3889

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( x )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         ( )

| | | |
|---|---|---|
| 8/23/19 | | Kenny Fuentes |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-864-7012 | 215-789-7695 | caplanr@whiteandwilliams.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 23 2019